IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY JOHN EVERS, | ) | |
| | ) | 8:05cv184 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| vs. | ) | |
| | ) | |
| JEREMY CARNAKO, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Larry John Evers, who was a prisoner when he filed the complaint.   By proceeding in forma pauperis ("IFP"), the plaintiff subjects the complaint to review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

In addition, subject matter jurisdiction is a very serious concern in the federal district courts.  For example, Fed. R. Civ. P. 12(h)(3) states:  "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Often a case which cannot be brought in federal district court may nonetheless be filed in a state court.  That is because the federal district courts are courts of "limited jurisdiction," while the state courts are courts of "general jurisdiction."

1

In this case, the plaintiff, a Nebraska resident, has sued another Nebraska resident, a private individual who works as a day laborer.  The defendant attacked the plaintiff with a hammer and inflicted severe injuries on the plaintiff.  I conclude that, while the complaint may well be sufficient to allege claims under Nebraska state law, such as for assault or other torts (civil wrongs), no federal cause of action or basis for federal court jurisdiction is apparent from the complaint.

The plaintiff has not stated a claim under the federal civil rights laws.  For example, to state a claim for relief in an action brought under 42 U.S.C. § 1983, the plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a defendant who *acted under color of state law*.  Purely private individuals who commit torts, i.e., civil wrongs, against other private parties are generally not acting "under color of state law" when they commit those acts.

In addition, the defendant and the plaintiff are both Nebraska residents.  Therefore, the court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship).   For a federal district court to have jurisdiction of a civil action based on diversity of citizenship under 28 U.S.C. § 1332, the following requirements must be satisfied:  The controversy must be between (a) citizens of different states; or (b) citizens of a state and citizens or subjects of a foreign state; or (c) citizens of different states and in which citizens or subjects of a foreign state are additional parties.  The matter in controversy must exceed $75,000.  For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means "complete diversity," i.e., that "the citizenship of each plaintiff is different from the citizenship of each defendant."  Ryan v. Schneider National Carriers, Inc., 263

2

F.3d 816, 819 (8th Cir. 2001).

For a federal court to have jurisdiction under the federal question jurisdictional statute, 28 U.S.C. § 1331, the plaintiff must assert a substantial claim arising under federal law.  In this case, the complaint alleges a claim which may be compensable under Nebraska law in a Nebraska state court.  In other words, although the plaintiff may have an action for one or more torts under Nebraska law against the defendants, the complaint does not state a claim arising under the Constitution, laws, or treaties of the United States, as required by 28 U.S.C. § 1331.

Because this case may not be brought in a federal district court, and the complaint does not state a claim on which relief may be granted under federal law, the complaint must be dismissed.   See 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3). However, because the plaintiff may be able to assert his claims in a state district court, the dismissal will be without prejudice.

THEREFORE, IT IS ORDERED:

1.     That this action and the plaintiff's complaint are dismissed without prejudice; and

2.     That a separate judgment will be entered accordingly.

September 2, 2005.                    BY THE COURT:

                                      /s *Richard G. Kopf*
                                      United States District Judge